UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

NU IMAGE, INC.                )
                              )
    Plaintiff,              )
                              )
v.                            )   CA. 8:11-cv-02736-DKC
                              )
DOES 1 – 4,165                )
                              )
    Defendants.             )
_____)

## DECLARATION OF PATRICK ACHACHE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY

I, Patrick Achache, declare:

1. I am Director of Data Services for Guardaley, Limited ("Guardaley"), a company incorporated in England and Wales under company number 06576149. Guardaley is a provider of online anti-piracy services for the motion picture industry. Before my employment with Guardaley, I held various software developer and consultant positions at companies that developed software technologies. I have approximately ten (10) years of experience related to the protocols, technical architecture and operation of the Internet.

2. I submit this declaration in support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

3. At Guardaley, I am the head of the department that carries out evidence collection and provides litigation support services. I work closely with our development team to create credible techniques to scan for, detect, and download copies of copyrighted material on multiple network protocols for use by copyright owners.

1

4. Guardaley has developed a technology that provides an effective means to detect the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems, or "peer-to-peer" ("P2P") networks. Guardaley's technology enables it to detect and monitor the unlawful transfer and distribution of files amongst the P2P network by different protocols Those protocols make even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with P2P networks. This is called "seeding." Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional P2P network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This means that every "node" or peer user who has a copy of the infringing copyrighted material on a P2P network investigated by our software must necessarily also be a source of download for that infringing file.

5. This distributed nature of the P2P networks typically leads to a rapid viral spreading of a file throughout peer users. Because of the nature of P2P, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is a possible source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file.

6. The Plaintiff in this action is producer and distributor of motion pictures. The Plaintiff engaged Guardaley to, among other tasks, document evidence of the unauthorized reproduction and distribution of the copyrighted motion picture to which Plaintiff holds the exclusive

distribution and licensing rights, *"The Mechanic"* (the "Motion Picture"), within the United States of America, including Maryland.

7. On behalf of Plaintiff, we engaged in a specific process utilizing Guardaley's specially designed software technology to identify direct infringers of Plaintiff's copyrights using protocols investigated by Guardley's software on P2P networks.

8. All of the infringers were identified in the following way: Our software is connected to a number of files of illegal versions of the Motion Picture. All infringers connected to those files will be investigated through downloading a part of the file placed on their computer. This evidence is saved on our service and could be shown to the court as evidence if necessary.

9. Once Guardaley's searching software program identifies an infringer in the way described herein for the Motion Picture for which Plaintiff owns the exclusive licensing and distribution rights, we obtain the Internet Protocol ("IP") address of a user offering the file for download. Among other things, we download or record for each file downloaded: (a) the time and date at which the file or a part of the file was distributed by the user; (b) the IP address assigned to each user at the time of infringement; and, in some cases, (c) the video file's metadata (digital data about the file), such as title and file size, that is not part of the actual video content, but that is attached to the digital file and helps identify the content of the file. We then create evidence logs for each user that store all this information in a database.

10. An IP address is, in combination with the date, a unique numerical identifier that is automatically assigned to a user by its Internet Service Provider ("ISP") each time a user logs on to the network. Each time a subscriber logs on, he or she may be assigned a different IP address unless the user obtains from his/her ISP a static IP address. ISPs are assigned certain blocks or ranges of IP addresses. ISPs keep track of the IP addresses assigned to its subscribers at any

given moment and retain such "user logs" for a very limited amount of time. These user logs provide the most accurate means to connect an infringer's identity to its infringing activity.

11. Although users' IP addresses are not automatically displayed on the P2P networks, any user's IP address is readily identifiable from the packets of publicly available data being exchanged. The exact manner in which we determine a user's IP address varies by P2P network.

12. An infringer's IP address is significant because it is becomes a unique identifier that, along with the date and time of infringement, specifically identifies a particular computer using the Internet. However, the IP address does not enable us to ascertain with certainty the exact physical location of the computer or to determine the infringer's identity. It only enables us to trace the infringer's access to the Internet to a particular ISP. Subscribing to and setting up an account with an ISP is the most common and legitimate way for someone to gain access to the Internet. An ISP can be a telecommunications service provider such as Verizon, an Internet service provider such as America Online, a cable Internet service provider such as Comcast, or even an entity such as a university that is large enough to establish its own network and link directly to the Internet.

13. Here, the IP addresses Guardaley identified for Plaintiff enable us to determine which ISP was used by each infringer to gain access to the Internet. Publicly available databases located on the Internet list the IP address ranges assigned to various ISPs. However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. Since these ISPs consequently have no direct relationship -- customer, contractual, or otherwise -- with the end-user, they are unable to identify the Doe Defendants through reference to their user logs. The intermediary ISPs' own user logs, however, should permit identification of the Doe Defendants. We determined that the Doe Defendants here were using those ISPs listed in

Exhibit A to Plaintiff's Complaint together with various other ISPs operating both within and outside Maryland, to gain access to the Internet and distribute and make available for distribution and copying Plaintiff's copyrighted motion picture.

14. We downloaded the motion picture file, or a substantial part of it, and other identifying information described above and created evidence logs for each Doe Defendant. Once provided with the IP address, plus the date and time of the infringing activity, the Doe Defendant's ISPs quickly and easily can use their respective subscriber logs to identify the name and address of the ISP subscriber who was assigned that IP address at that date and time.

**Confirmation of Downloaded Material**

15. I am also responsible for identifying on-line piracy of motion pictures for Guardaley, including gathering evidence of on-line piracy to support counsel's copyright protection enforcement efforts.

16. As part of my responsibilities at Guardaley, I have been designated to confirm that the digital audiovisual files downloaded by Guardaley are actual copies of Plaintiff's Motion Picture. It is possible for digital files to be mislabeled or corrupted; therefore, Guardaley (and accordingly, Plaintiff) does not rely solely on the labels and metadata attached to the files themselves to determine which motion picture is copied in the downloaded file, but also to confirm through a visual comparison between the downloaded file and the Motion Picture themselves.

17. As to Plaintiff's copyrighted Motion Picture, as identified in the Complaint, I or one of my assistants have watched a DVD copy of the Motion Picture provided by Plaintiff. After Guardaley identified the Doe Defendants and downloaded the motion pictures they were distributing, we opened the downloaded files, watched them and confirmed that they contain a substantial portion of the motion picture identified in the Complaint.

18. Plaintiff's Motion Picture continues to be made available for unlawful transfer and distribution using P2P protocols, in violation of Plaintiff's exclusive licensing and distribution rights, and rights in the copyright. Guardaley continues to monitor such unlawful distribution and transfer of Plaintiff's Motion Picture and to identify infringers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2011.

_____
Patrick Achache