**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| NU IMAGE, INC. | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CA. 8:11-cv-02736-DKC |
| DOES 1 – 4,165 | ) ) ) |
|     Defendants. | ) ) |

## PLAINTIFF'S OPPOSITION TO DOE DEFENDANT # 456'S PURPORTED MOTION TO QUASH SUBPOENA [DOC. NOS. 10-11]

I. INTRODUCTION

Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on September 22, 2011 and named Does 1-4,165 as Defendants. [Doc. No. 1] Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 21, 2011. [Doc. No. 4] The Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 30, 2011. [Doc. Nos.

5, 6]  Pursuant to that Order, Plaintiff has served the ISPs with subpoenas to identify certain of the Doe Defendants.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement.  One Doe Defendant, identified as Doe No. 456, has filed a purported motion to quash subpoena.  [Doc. Nos. 10-11][1]  Because the motion does not provide good cause for quashing the subpoena or dismissing this particular Doe Defendant, Plaintiff requests that the motion be denied in its entirety.

II. ARGUMENT

    A.  THE DOE DEFENDANT'S MOTION IS PROCEDURALLY DEFECTIVE.

All written motions and written notices must be served on every party.  Fed. R. Civ. P. Rule 5(a)(1)(D), (E).  Here, the Doe Defendant's motion was not served on Plaintiff.  Therefore, the motion should be denied in its entirety for its failure to comply with the appropriate court procedures.[2]

---

[1] As stated on Exhibit A to Plaintiff's Complaint, Doe No. 456 corresponds to Doe Defendant with IP address 68.48.46.97.  [Doc. No. 1-1 at p. 8]  Because the Doe Defendant's motion is sealed and redacted, and because the motion was not served on Plaintiff, Plaintiff has only been able to determine the Doe No. by the Court's docket entry.  As Plaintiff does not have any contact information for this Doe Defendant, Plaintiff is unable to serve a copy of this opposition on the Doe Defendant.

[2] "Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure."  L.R. 101.1.a.

B. NO GOOD CAUSE EXISTS TO QUASH THE SUBPOENA.

1. <u>Standards on motions to quash</u>

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information." <u>Covad Commun'ns Co. v. Revonet, Inc.</u>, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing <u>E.E.O.C. v. Danka Indus., Inc.</u>, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997)); <u>Washington v. Thurgood Marshall Academy</u>, 230 F.R.D. 18, 21 (D.D.C. 2005) ("A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." [citing 9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the grounds that it requires disclosure of information "privileged at common law or by statute or rule" and not any other grounds. See <u>Windsor v. Martindale</u>, 175 F.R.D. 665, 668 (D. Colo. 1997). "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." <u>Id.</u> (citation

3

omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D. Kan. 2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001); Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10 (D.D.C. 2009) (holding that District of Columbia Department of Corrections had no right to claim work product or attorney-client privilege with regard to United States Attorney's Office's files relating to former corrections officer's criminal prosecution for assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1, 8 (D.D.C. 2008) ("factual and technical

arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

2. Plaintiff has shown good cause to obtain the discovery.

The Court has already determined that Plaintiff has met the threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [see Doc. No. 4], Plaintiff identified the unique IP address for each Doe Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Doe Defendant, from information provided to it by Guardaley, Limited. This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Doe Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache. However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Doe Defendants must be identified before this suit can progress further. Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a *prima facie* evidentiary showing that the IP addresses identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movie

on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  See Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 4-2]) ¶ 4. Accordingly, Doe Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movie for unlawful transfer or distribution.  See id. at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's movie from the IP address assigned to this Doe Defendant, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Doe Defendants distributed were actually Plaintiff's movie by watching both and comparing them.  Id. at ¶¶ 16-17.

       3.   The merits of the Doe Defendant's defenses are not at issue on a motion to quash.

The Doe Defendant generally denies the allegations of copyright infringement.  However, the merits of a case are not at issue on a motion to quash a subpoena.

As stated by Judge Howell in the U.S. District Court for the District of Columbia in denying several similar motions:

> Mr. Lown's general denial that he engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena. It may be true that Mr. Lown did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of this assertion, decide not to name Mr. Lown as a party in this lawsuit. On the other hand, the plaintiff may decide to name Mr. Lown as a defendant in order to have the opportunity to contest the merits and veracity of Mr. Lown's defense in this case. In other words, if Mr. Lown is named as a defendant in this case, Mr. Lown may deny allegations that he used BitTorrent to illegally copy and distribute the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against him. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining Mr. Lown's identifying information. That

> would deny the plaintiff access to the information critical to bringing Mr. Lown properly into the lawsuit to address the merits of both the plaintiff's claim and Mr. Lown's defense. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1–4,577*, 736 F.Supp.2d 212, 215 (D.D.C.2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties]."); *see also Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701, at *8 (W.D.Pa. Apr. 3, 2008) (if a putative defendant "believes that it has been improperly identified by the ISP, [the putative defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 337-338 (D.D.C. 2011); see also West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 13 (D.D.C. 2011) (Collyer, J.) ("A substantial number of the movants claim that they have no knowledge of the alleged infringing activity, or that someone else downloaded and/or distributed Plaintiff's copyrighted film using their IP address, possibly through an unsecured wireless network connection. However, objections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoenas. The Court has authorized Plaintiff to serve subpoenas on ISPs for the purpose of identifying the individuals associated with the IP addresses that were allegedly used to infringe Plaintiff's copyright. Whether these individuals are actually liable is a contested issue of fact that remains to be litigated, and movants' protestations of innocence do not give the Court a proper basis to quash or modify the subpoenas seeking their contact information.").

As the Doe Defendant's motion amounts to nothing more than a defense to the allegations of copyright infringement, there is no basis to quash the subpoena. Therefore, the Doe Defendant's motion should be denied in its entirety.

4. <u>The Doe Defendant's inference that the subpoena creates an undue burden is misplaced.</u>

The Doe Defendant states that she has "no way of being able to travel from [her] home in Baltimore City, 21215 to Greenbelt, Md.," inferring that the subpoena would cause her to suffer an annoyance, undue burden, or expense. [Doc. No. 11]  However, the Doe Defendant misconstrues the nature of the subpoena.

The Doe Defendant has not been named and served and is under no duty to litigate in this case.  The Doe Defendant was, and still is, under no obligation to respond to the subpoena or produce any documents in response to the subpoena.

Judge Howell previously rejected this type of argument:

> These putative defendants essentially argue that the plaintiff's subpoenas require them to litigate in a forum in which they should not be subject to personal jurisdiction, which causes them hardship. [] Given that they are not named parties, the putative defendants are not required to respond to the allegations presented in the plaintiff's Second Amended Complaint or otherwise litigate in this district. The plaintiff has issued subpoenas to the putative defendants' ISPs, not to the putative defendants themselves. Consequently, the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship.

<u>Call of the Wild Movie, LLC v. Smith</u>, 274 F.R.D. at 338.

5. <u>The Doe Defendant has not, and cannot, demonstrate that the information sought is privileged.</u>

The only standing the Doe Defendant would truly have to challenge the subpoena would be if the subpoena requires the production of privileged information.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted films or music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 348-354 (D.D.C. 2011); see also Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); Arista Records LLC v. Does 1-19, 551 F.Supp.2d at 8-9 (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 556 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000); U.S. v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of copyrighted works over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a *prima facie* showing of copyright infringement. "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious

copyright infringement claims." Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 567; see Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 353-354 ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.").

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here. For the Plaintiff to establish a *prima facie* claim of copyright infringement, it must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

First, Plaintiff alleges that it is the "holder of the pertinent exclusive rights infringed by Defendants" and cites to the copyright certificate issued by the Registrar of Copyrights. [Doc. No. 1 (Complaint) at ¶ 10] Plaintiff further asserts that the Doe Defendants violated the Plaintiff's exclusive rights of reproduction and distribution when they, "without the permission or consent of Plaintiff, has used, or continues to use, an online media distribution system to reproduce and distribute to the public the Copyrighted Motion Picture." Id. at ¶ 12. Plaintiff supports these allegations by supplying the date and time that the alleged infringement occurred, along with affidavits from Benjamin Perino and Patrick Achache describing the process by

which the Doe Defendants' infringement was observed, recorded, and verified.  [See Doc. Nos. 4-1, 4-2]

Accordingly, Plaintiff has appropriately pled a *prima facie* claim of copyright infringement against the Doe Defendants.  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 565 (stating that plaintiffs made concrete showing of a prima facie claim of copyright infringement by alleging valid ownership of copyrights and "that each defendant, without plaintiffs' consent, 'used, and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others' certain of the copyrighted recordings"); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 351-352 (same).

Second, Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff needs to prosecute the lawsuit.  Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, i.e. the Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address, and Plaintiff will only use that information in this lawsuit.

Third, Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs.  Fourth, without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright.  The Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Lastly, the Doe Defendants have minimal First Amendment protection, and their expectation of privacy is similarly minimal in this context.  Such an expectation of privacy is further eradicated by the fact that the Doe Defendants have already shared this information with

their ISPs.  Further, most ISPs provide notice to their subscribers that they may share this information, further eradicating any expectation of privacy.  See, e.g., Comcast's XFINITY Customer Privacy Notice (http://www.comcast.com/corporate/customers/policies/customerprivacy.html?SCRedirect=true).  Overall, the Doe Defendant's exceedingly small First Amendment and privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.

      6.   The Doe Defendant should not be permitted to proceed anonymously.

Both the Federal Rules of Civil Procedure and Local Civil Rules require that persons filing papers in this Court identify themselves by name and provide contact information.  "Every ... written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the ... party's attention."  Fed. R. Civ. P. Rule 11(a).  "At the bottom of all Court documents, counsel and self-represented litigants shall state their name, address, telephone number, e-mail and fax number."  L.R. 102.1.b.i.

Though some exceptions to this rule may exist for sensitive personal matters (see generally Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707 (5th Cir. 1979)), litigants are generally expected to identify themselves to "'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995) (quoting Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992)).  "[I]t is the responsibility of judges to avoid secrecy

... and the concealment of the judicial process from public view.  Courts are public institutions which exist for the public to serve the public interest."  Doe v. Fed. Bureau of Investigation, 218 F.R.D. 256, 258 (D. Colo. 2003); see also Does I thru XXIII v. Advanced Textile, 214 F.3d 1058, 1068-69 (9th Cir. 2000) (stating that parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment") (internal quotations omitted).[3]

Additionally, while this Doe Defendant may argue that the First Amendment should shield identification, the Court must consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party by weighing a party's "privacy concerns against the presumption of openness of judicial proceedings."  Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981); see Microsoft Corp., 56 F.3d at 1464.  Factors to consider include: factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.  James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993).

As one court has recently ruled in similar cases of alleged copyright infringement through the use of BitTorrent, the Doe Defendants should not be permitted to proceed anonymously, especially considering that they have no cognizable claim of privacy in their

---

[3] Identification of the parties is also necessary to protect the integrity of the litigation process by enabling the presiding judge to determine whether recusal may be necessary.  See Liteky v. United States, 510 U.S. 540, 548 (1994); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988).

identifying/subscriber information (discussed below). See Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, Case No. 10-453, Order of September 16, 2010, Doc. No. 91 (D.D.C.) (Collyer, J.); West Bay One, Inc. v. Does 1-1,653, Case No. 10-481, Order of September 16, 2010, Doc. No. 44 (D.D.C.) (Collyer, J.); Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569, Order of December 1, 2010, Doc. No. 17 (D.D.C.) (Leon, J.); Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520, Order of January 14, 2011, Doc. No. 18 (D.D.C.) (Sullivan, J.).

Most recently, Judge Howell of the U.S. District Court for the District of Columbia provided an extensive and well reasoned opinion in similar cases, wherein Judge Howell found that the Doe Defendants' desire to "submit motions and proceed anonymously in this case does not override the public's interest in identifying the parties" and that the Doe Defendants must at least reveal their identities and provide identifying information to the Court. Call of the Wild Movie, LLC v. Does 1-358, Case No. 10-455, Order of February 24, 2011, Doc. No. 25 at p. 9 (D.D.C.); Voltage Pictures, LLC v. Does 1-5,000, Case No. 10-00873, Order of February 24, 2011, Doc. No. 27 at p. 9 (D.D.C.).[4]

Here, the Doe Defendant has not provided any justification for proceeding anonymously. In fact, the Doe Defendant does not claim any privacy interest or even ask the Court to proceed anonymously, and the Doe Defendant has not followed the required procedures to file the motion under seal. Overall, any privacy concerns the Court or the Doe Defendant may have do not override the presumption of openness of judicial proceedings.

---

[4] Judge Howell made this determination after evaluating all of the factors set forth in James v. Jacobson.

III. CONCLUSION

Overall, the Doe Defendant has not demonstrated any reason to quash the subpoena or dismiss the Doe Defendant at this stage of the proceedings. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.

Plaintiff has shown good cause for obtaining information related to all of the Doe Defendants from the non-party ISPs, including this Doe Defendant, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the Court should deny the motion and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                                                  Respectfully submitted,
                                                  NU IMAGE, INC.

DATED: February 3, 2012

                                      By:    /s/
                                                      Thomas M. Dunlap, MSB #27525
                                                      DUNLAP, GRUBB & WEAVER, PLLC
                                                      5335 Wisconsin Avenue NW, Suite 440
                                                      Washington, D.C. 20015-2052
                                                      Telephone: 202-316-8558
                                                      Facsimile: 202-318-0242
                                                      tdunlap@dglegal.com
                                                      *Attorney for the Plaintiff*