IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SOUTHERN DIVISION

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

FEB 0 6 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| NU IMAGE INC., | :) | |
| Plaintiff, | :) | Civil Action No: DKC-11-CV-02736 |
| v. | :) | Doe #619 |
| DOES 1-4,165 | :) | MOTION TO QUASH THE SUBPOENA |
| Defendants. | :) | PURSUANT TO Fed. R.Civ. Proc.R.8(b)(c) & 45(c)(3)(B)(i)(ii) |

     **NOW COMES**, Defendant ▓▓▓▓▓▓▓▓, in pro-se, respectfully urges this Honorable District Court for an order for quashal of the supoena pursuant to Fed. R. Civ. Proc. Rule 45(c)(3)(B)(iii).

### STATEMENT OF THE CASE

     Because NU IMAGE, INC.'s Fair Market Value of the movie inflinged was not affected by defendant ▓▓▓▓▓▓▓▓ [wrongly called Doe defendant #619]. She simply answers that some permissable speculation is permitted by the civil action against 4,165 Doe defendants by NU IMAGE INC.'s suit, awarding damages under 17 U.S.C.S. §501 or 504.

### LEGAL ARGUMENT

     Based on <u>U.S. v OLANO, 507 U.S. 725, 1135. CT. 1770, 123 L. Ed. 2d 508 (1993)</u> that should be applied in civil cases quoting: <u>BRICKWOOD CONTRACTORS, INC., v DATA NET ENG'G, INC., 369 F. 3d 385, (4 Cir. 2004)</u>

Here we have a plain error that is affecting ████████████'s Substantial Rights.

Plaintiff is engaging in a fishing expedition when Doe defendants have not been properly determined by the evidence and because the complaint failed to state cause of action which relief could be granted.

The request for discovery is improper when protected information is required by the alleged infringement of copyrights was indiscriminately charged to 4,165 Doe defendants.

## FACTUAL ARGUMENT

Defendant ████████████ is a separated and retired woman with a contract for services with <u>COMCAST</u> under contract account #████████. ████████████ is also provided with the same services and the bill was always paid by him.

Defendant ████████████ was absent from home at the time when the infringement occured. (7/03/2011 03:47:07 PM)

In fact defendant ████████████ is called to respond by infringing conduct of another.

    A. Defendant was unable to supervise what or when her ex-husband was doing with his computer.

    B. Defendant didn't have an obvious or direct financial interest to reproduce the movie, 'The Mechanic'.

**THEREFORE**, Plaintiff hadn't demonstrated damage to the copyright by presenting evidence that showed a decrease in value of the infringement and providing specific figures to support that testimony.

Defendant ████████████ is properly Requesting to avoid any implication on the civil action.

## CONCLUSION

Because the Subpoena requires defendant ████████████ who is neither a party or a party's officer to travel more than 100 miles from where she is residing and she is required to disclose privileged information, defendant is urging this Honorable District Court to squash the  Subpoena and for any other just and proper decision by this Court.

Respectfully Submitted,

Date: February 5, 2012



──────────────────── -Pro-Se

## PROOF OF SERVICE

I, ████████████ defendant Doe #619 have served the Plaintiff a true and correct copy of MOTION TO SQUASH SUBPOENA PURSUANT TO Fed. R.Civ. Proc. R.8.(b)(c)&45(c)(3)(B)(i)(ii) to:

Thomas M. Dunlap, Dunlap, Grubb & Weaver, PLLC, 400 East Pratt St., 8th Floor, Baltimore MD 21202
FAX: (866) 874-5101



──────────────────── , Defendant Doe #619