FEB -2012

NU IMAGE, INC.

Plaintiff,

v.

Defendants. Does 1-4,165

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 FEB 14  A 12: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

DOES NOW ENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(SOUTHERN DIVISION)

CIVIL NO. 8:11-cv-02736-DKC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT**

**JOHN DOE #483'S MOTION TO QUASH THE SUBPOENA**

Defendant, J. Doe No. 483 identified with Internet Protocol ("IP") address 174.51.122.28 ("Defendant"), respectfully submits this Memorandum of Points and Authorities in support of Defendant's Motion requesting they quash the subpoena served upon Defendant's Internet Service Provider ("ISP"), Comcast on January 5,2012.

**FACTUAL BACKGROUND**

1. On November 29 and December 01,2011, this Court issued an Order permitting Plaintiff to serve a Rule 45 subpoena on each Defendant's internet service provider seeking personally identifying information about each Defendant, including Defendant's name, physical address, telephone number, e-mail address, and media access control ("MAC")

2. On December 15, 2011, Defendant's ISP, Comcast was served with a subpoena issued from this Court and served in Maryland, that demanded Comcast to produce to Plaintiff at Plaintiff's counsel's office in Baltimore, Maryland, the personally identifying

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 1 of 13

information regarding Defendant in connection with Plaintiff's claim that Defendant allegedly unlawfully downloaded a film allegedly owned by Plaintiffs ("work").

3. Comcast provided written notice to Defendant on January 05, 2012 via UPS delivery.

4. Comcast's January 05, 2012 letter stated that Comcast would provide the requested information to Plaintiff by February 06, 2012. Comcast's letter further advised Defendant that if Defendant had any objections to the subpoena, Defendant needed to file those objections with the Court no later than February 06, 2012.

## INTRODUCTION

The present case is one of several efforts by certain content providers to establish a business model that relies on questionable allegations of copyright infringement against a large number of individuals to generate substantial profits by extracting settlements from thousands of identified Defendants. Federal Courts have expressed skepticism toward this business model, including this quote from the Chief Justice of the U.S. District Court for the District of Nevada about Plaintiff's "attempts to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar." Democratic Underground, No.2: 11-cv-01356 (D. Nev. Apr. 14, 2011), Dkt 94. Other Courts have been less generous, questioning "Plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking a case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts." Mem. Op. and Order at 5, Raylon, L.L.C. v. EZ. Tag Corp., No. 6:09-cv-00357 (E.D. Tex. Mar. 9, 2011), Dkt. 115.

2

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 2 of 13

In direct reference to Plaintiff's business model and questionable claims of copyright infringement, Judge Beeler of the U.S. District Court for the Northern District of California, found in regards to Plaintiff Patrick Collins Inc. in a similar Bit Torrent copyright litigation case involving one-hundred-eighty-eight (188) John Doe Defendants and an order to show cause:

[t]the court has no confidence that Plaintiff has been diligent in moving to name and serve Defendants, despite its (unsworn) claims to the contrary. For example, Plaintiff's counsel states that he has filed ten other copyright cases involving a large number of Doe Defendants. ECF No. 17 at 4. The court reviewed the dockets and noted that the Plaintiffs in these cases have not filed proof of service for even a single Defendant even though a number of Defendants have been identified and dismissed after settling with the Plaintiffs. See, e.g., Media Products, Inc. DBA Devil's Film v. Does 1-1257, Case No. cv 10-04471 RS (complaint filed on October 4, 2010 and no proof of service filed for any Defendant as of July 29,2011, but four Doe Defendants have been dismissed after settling). This pattern holds true in this case too. Here, Plaintiff has not identified or served any of the 1,219 Doe Defendants. However, on May 10,2011, Plaintiff filed a stipulation dismissing with prejudice a Doe Defendant who settled with Plaintiff. ECF No. 13 at 1. And, on August 18,2011, Plaintiff filed a stipulation dismissing with prejudice more than thirty Doe Defendants who settled. ECF No. at 1-2. The plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved n proving their cases. And, while the courts favor settlements, "filing one mass action in order to identify hundreds of Doe Defendants through preservice discovery and facilitate mass settlement, is not what the joinder rules were established for." 10 Group, Inc. v. Does 1-435, No. C 10-4382 SI, 2011 WL 445043, at

*6 (N.D. Cal. Feb. 3,2011).

Order Dismiss Compo Patrick Collins, Inc. V. Does 1-1,219 Case 4: lO-cv-004468-LB Dkt. No. 27 (D. Cal. 201l) Aug. 29, 2011.

Based on the extraordinarily large number of analogous cases, treated in the same or similar manner by Plaintiffs, it appears that such mass copyright litigation lawsuits are a means "to identify hundreds of Doe Defendants through pre-service discovery," then, regardless of any consideration of guilt or innocence seek to coerce largely contingent-fee settlements, sometimes through harassing letters and direct phone calls with no real intent to actually litigate such claims. This for-profit business model becomes more obvious when one considers the actual

3

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 3 of 13

number of Defendants claimed in such action versus the astonishingly low number of actions actually commenced and followed through to a judgment.1

Plaintiff seeks to take advantage of the threat of an award of statutory damages, attorneys' fees, and ignorance about copyright law to extract quick and profitable settlements. Federal courts have specifically and directly condemned such for-profit copyright litigation models. Righthaven, L.L.c. v. Hill, No. 1:ll-cv-00211 (D. Colo. Apr. 7, 2011) (J. Kane), Dkt. 16 ("Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability.")

In light of the aforementioned authority, in its following argument, Defendant requests that the Court sever quash Plaintiff's subpoena and subsequently dismiss Defendant John Doe No. 483 from the present suit.

Moreover, because of the unique procedural posture of so many misjoined Defendants, identical cases now pending before the Court, and massive potential liabilities, that-if Plaintiff's joint and several liability theories are to be credibly believed could result in excess of several

million dollars based solely on questionable allegations of what can only be described at best as de minimis acts - the need to cautiously evaluate the various substantive and procedural safeguards is paramount.

Unfortunately, as has been demonstrated in similar actions around the country, some Plaintiffs in mass-copyright infringement lawsuits have at times failed to regard substantive and procedural safeguards implemented as Federal law to protect potential Defendants. The present case is no different because Plaintiff has misjoined all four thousand one hundred sixty five

1 As of March, ZOII, more than 136,000 Does claimed as Defendants in such actions, however, the number of actual copyright infringement actions commenced was less than 100. Wired Magazine's online spreadsheet prepared from existing court data:

http://www.wired.com/images_blogs/threatlevel/Z011/03 / spreadsheet-fslit -current -v-l.Z.01.xls

4

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 4 of 13

(4,165) Defendants to avoid the cost of appropriately filing individual cases against each John Doe Defendant.

Plaintiff's subpoena is also invalid on its face. The technology and methods utilized to identify potential Defendants are highly unreliable, leading to a significant risk of misidentification. The technology used by Plaintiffs fails to consider important factors such as persons masking false Internet Protocol ("IP") addresses, persons with hacked or open wireless networks, or computers that have been hacked by others and able to be controlled remotely. Rather, Plaintiff's technology involves use and monitoring of the Bit Torrent network to identify and collect United States IP addresses whom are allegedly downloading the content and sending those IP addresses to be added to a John Doe lawsuit for copyright infringement. Plaintiff's subpoena also impermissibly subjects Defendant to unwarranted annoyance and embarrassment. Accordingly, the present subpoena must be quashed to avoid considerable injustice.

## LEGAL STANDARDS

### 1. AUTHORITY TO QUASH SUBPOENAS AND ISSUE PROTECTIVE ORDERS

Pursuant to Rule 45(c)(3), a Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information.

Moreover, Fed. R. Civ. Pro Rule 26(c)(l), instructs the Court to limit the frequency or extent of discovery otherwise allowed by the Rules, or by local rule, if it determines that. ... the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs

5

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 5 of 13

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues

### 2. STANDING

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18,21 (Dist. D.C., 2005).

## ARGUMENT

### I. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED AND DEFENDANT DOE #483 DISMISSED BECAUSE JOINDER OF DEFENDANTS IS IMPROPER

**A. Plaintiff Fails to Show that Claims Arise out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences as Required by Federal R. Civ. Pro. 20(a) for Joinder**

Plaintiff's subpoena should be quashed and Defendant must be severed and dismissed from the present Complaint because joinder is improper under Rule 20(a) of the Fed. Rules of Civil Procedure. The claims against Defendant (and those asserted against other Doe Defendants) qualify as a unique case, and are inappropriate to join because each Doe has separate network configurations, separate hardware, and different ISPs, which require individual investigation and gives rise to separate and individual defenses. They are in no way acting in concert with one another and they in no way actively communicate together to coordinate what Plaintiffs allege to be infringing activity.

Specifically, Plaintiff has failed to meet requisite elements of joinder under Fed. R. Civ. Pro. Rule 20(a). First, in Plaintiff's Complaint, Plaintiff erroneously claims that each Defendant is jointly and severally liable for the infringing activities of other Defendants without citing authority, the infringement complained of was an ongoing series of transactions, and was

6

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 6 of 13

accomplished by Defendants acting in concert with one another. Plaintiff's claim that joinder is proper based on Bit Torrent or other peer-to-peer ("P2P") protocols has been reviewed and almost universally rejected by Federal Courts. LaFace Records, L.L.C. v. Does 1-38, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 at 1 (rejecting Plaintiff's argument that copyright infringement claims did not arise out of the same transaction, occurrence, or series of transactions ... because each Defendant used the same ISP as well as the same P2P networks); see also Interscope Records v. Does 1-25, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although Defendants were alleged to have disseminated the Plaintiff's copyrighted works through the same P2P network); Elektra Entertainment Group, Inc. v. Does 1-9, 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the Plaintiff's copyright infringement claims were logically related for

purposes of Rule 20(a)(2)); Fonovisa, Inc. v. Does 1-9, 2008 U.S. Dist. LEXIS 27170, 2008 WL 919701 (finding joinder improper because of the different factual contexts of the alleged infringement for each Defendant and absence a showing of any evidence showing joint action by Defendants, other than their use of the same P2P network to access copyrighted recordings; Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 (holding joinder of Doe defendants improper based on alleged use of Bit Torrent Protocols); Diabolic Video Productions v. Does 1-2,099 U.S. Dist. LEXIS 58351, 10 (Grewal, MJ.) (N.D. Cal. May 31, 2011) (finding that the nature of the Bit Torrent protocol does not make joinder appropriate where Defendants allegedly used Bit Torrent to infringe copyrighted works. 10 Group v. Does 1-19, 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010) (holding that the "only factual allegations connecting the Defendants" - the allegation that they all used the same peer-to-peer network to

7

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 7 of 13

reproduce and distribute the Plaintiff's copyrighted work was insufficient for joinder of multiple Defendants under Rule 20); 10 Group v. Does 1-435, 2011 U.S. Dist. LEXIS 14123, * 15-16 (N.D. Cal. Feb. 3, 2011); Lightspeed v. Does 1-1,000 2011 U.S. Dist. LEXIS 35392 (N.D. Ill. Mar. 31, 2011 (Plaintiff alleged that the Defendants illegally reproduced an distributed its copyrighted works over the internet through Bit Torrent, the court severed Defendants because of improper joinder); Boy Racer v. Does 1-71, 2011 U.S. Dist. LEXIS 58345 (Grewal, MJ.) (N.D. Cal. May 31, 2011) (same).

Despite Plaintiff's claims, based on and according to the great weight of judicial authority, Doe 483 and Defendants otherwise 1-4,165 did not participate in the same transaction or occurrence, the same series of transactions or occurrences, as required by joinder; nor, did they act in concert with one another. The fact that any of the Doe Defendants may have clicked on a command to participated in the Bit Torrent network does not mean that, each, together, was

part of the downloading swarm of hundreds or thousands of individuals. Moreover, even if it were true that all Doe Defendants participate in what Plaintiff describes as a "swarm," it cannot be stated with certainty that each Defendant was physically present to coordinate and initiate the download at the same day and time. To the contrary, Plaintiff's own exhibit attached to the Complaint indicates that downloading time period occurred at different times and dates within a six week range between July 1,2011 and August 18,2011. Plaintiff therefore fails to show that the claims against each Doe Defendant arose out of the same transaction, occurrence, or series of transactions or occurrences, and therefore, the subpoena must be quashed and Defendant Doe #483 must be severed and dismissed.

## II. PLAINTIFF'S SUBPOENA MUST BE QUASHED

8

### A. Defendant has Standing to Challenge the Subpoena Because Defendant Has a Personal Interest in the Subpoenaed Matter

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18,21 (Dist. D.C., 2005). Here, because the subpoena issued to Century Link seeks Defendant's personally identifying information, Defendant undoubtedly has a "personal interest" in the information sought by the subpoena. Further, if Defendant's name is turned over by Century Link, Plaintiff, as part of their business model will quickly seek several settlements that amount to thousands of dollars each, with no serious intention of naming any Defendants. If an identified Doe has a "personal or proprietary interest" sufficient to pay several thousand dollars under the threat of litigation and public exposure, certainly Defendant has a "personal or proprietary interest" sufficient to object prior to that disclosure. Accordingly, Defendant has standing to challenge the subpoena.

B. Plaintiff's Subpoena Must be Quashed on the Basis of the Lack of Reliability relating to IP Address and MAC Address Tracking Technology

Plaintiff's subpoena must be quashed because the technology used to identify individual Defendants for the alleged copyright infringement is unreliable and is insufficient to show a volitional act of copyright infringement. Specifically, there is not only software available that is capable of impersonating and/or falsifying an IP address, but such software is unreliable because the software does not also identify the associated computer's MAC address at the time. An IP address can name an entire network of computers, so without the MAC address, an IP address alone is not sufficient to identify an individual accused of copyright infringement. Further, most ISPs do not store MAC address data nor do they have the ability to detect falsified or altered

9

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 9 of 13

MAC addresses. Because the technology used by Plaintiff to identify the various John Doe Defendants is highly unreliable, Plaintiff is incapable of accurately identifying the proper individuals who actually downloaded the infringing material, and from where the material was actually downloaded. Because IP addresses are the only evidence Plaintiff has to identify Doe Defendants, Plaintiff's subpoena is unreliable on its face and should be quashed by the Court. Moreover, to prove a claim for infringement, a Plaintiff must first demonstrate that the Defendant copied the protected work. Kelly v. Ariba Soft Corp., 336 F.3d 811,817 (9th Cir. 2003) ("the Plaintiff must show ownership of the copyright and copying by the Defendant."), and that the copying was a result of a volitional act. See Religious Tech Ctr. v. Netcom On-Line Commn'n Servs., Inc. 907 F. Supp 1361, 1369-1370 (N.D. Cal. 1995). However, Plaintiff's allegations are highly suspect and do not, and cannot account for numerous issues, including unsecured wireless networks, fraudulently broadcasted IP addresses, computer hacking, and more. Courts again have touched on this simple yet very logical assertion, that an IP address

does not necessarily constitute a copyright infringer. Again, the VRP Court correctly identified this factual and legal point, observing that:

"[Plaintiff] ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University New York)."

2011 U.S. Dist. LEXIS 64656, at 3-4.

However, as noted by Judge Baker, "whether you're guilty or not, you look like a suspect." [d. at 5. (internal citations omitted).

10

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 10 of 13

,...------------------------- ----

Based on the technological ease with which innocent individuals can be so easily falsely identified-for example, when a neighbor, unbeknownst to the subscriber, illegally enables a Bit Torrent client downloading copyrighted material either remotely on the user's computer or through an open wi-fi connection on the user's network. In the present circumstances, Defendant maintained at times an open wireless network when hosting certain guests. Coupled with the devastating effect of a false accusation of civil liability on a young person's future, Plaintiff's allegations fail to provide sufficient accuracy, nor an actual volitional act associated to a Defendant sufficient to support its claim, and Plaintiff's subpoena should be quashed.

## C. The Subpoena Should be Quashed to Protect Defendant from Unreasonable Annoyance and Public Embarrassment

The Court must quash the present subpoena against John Doe #483 to prevent Defendant from suffering unwarranted annoyance, embarrassment, and an undue burden. Fed. R. Civ. Pro. 45(c)(3)(A)(iv). Presently, Plaintiff requires Defendant's confidential personally identifying information from Defendant's ISP so that Plaintiff can harass Defendant into coercing a quick and profitable settlement under the guise of publicly outing Defendant as what is the equivalent of a thief regarding an accusation of an unlawful download of copyrighted materials, despite questionable proof against Defendant.

Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and hardship to Defendant, and the same would result if Defendant's personally identifying information were associated without sufficient evidentiary support with the unlawful downloading and alleged "thievery" of a copyrighted work. Such association would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious of Defendant's character and reputation as taxpaying citizen, and potentially jeopardizing to Defendant's

11

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 11 of 13

employment. Moreover, even after Defendant demonstrates that Plaintiff's allegations are false, the embarrassment and reputational damage from Plaintiff's false public claim will persist because of the public record. However, by quashing Plaintiff's subpoena, the Court can prevent the injustice of having Defendant unjustly harmed and embarrassed by questionable and premature accusations of illegally downloading audiovisual content. Given the present facts, the subpoena should be quashed.

CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court enter an Order quashing the December 15, 2011 subpoena duces tecum issued to Comcast as applied to John Doe Defendant #483 and dismissing him from the present case.

DATED: February 02, 2012

Respectfully submitted,

By: Does 1-4, 165

Pro se Defendant

12

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 12 of 13

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2012, a true and correct copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHN DOE #483'S MOTION TO QUASH THE SUBPOENA was sent via frrst-c1ass mail or via the CM/ECF filing system to the following:

THOMAS M. DUNLAP

DUNLAP, GRUBB, & WEAVER PLLC

400 E. Pratt St. 8th Floor

Baltimore, MD 21202

DATED: February 02, 2012

By: John Doe #165

Pro se Defendant

13

Case 8:11-cv-02736-DKC Document 38-1 Filed 02/08/12 Page 13 of 13

Respectfully submitted,

By: _____

John Does # 165

Pro se Defendant