IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NU IMAGE INC<br><br>v.<br><br>DOES | 8:11-cv-02736 |

**MOTION TO DISMISS OR SEVER FOR MISJOINDER
AND MOTION TO QUASH THE SUBPOENA**

Doe #693 (IP address 68.50.190.219) ("Doe Defendant"), through counsel Eric Menhart and CyberLaw PC, hereby moves to dismiss or sever for misjoinder. In the alternative, Doe Defendant moves to quash the subpoena issued to her internet service provider.

## I. FACTUAL BACKGROUND

Plaintiff filed its Complaint alleging violations of its purported copyrights. After filing its Complaint, Plaintiff sought leave to conduct discovery. In pursuit of identifying information for such Defendants, Plaintiff issued subpoenas to many Internet Service Providers (ISPs), including Defendant's ISP, Comcast. In issuing the subpoenas, Plaintiff primarily relies upon an Internet Protocol (IP) address to identify each of the alleged infringers. Doe Defendant was identified by IP address 68.50.190.219. Prior to disclosing Defendant's identifying details, the ISP provided Defendant with notice of the Plaintiff's subpoena. Doe Defendant retained undersigned counsel and this Motion follows.

## II. DEFENDANT SHOULD BE DISMISSED DUE TO MISJOINDER

Doe Defendant should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all Defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, even if these parameters are met, joinder is not necessarily mandatory. The Court may order separate trials to protect any party against "embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b). The Court is permitted to sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright. Fed. R. Civ. P. 21. Furthermore, a decision to sever may be made on the Court's own motion or on a party's motion. *Id.*

In this case, Plaintiff is attempting to improperly join numerous individuals in a single action. Even where a Plaintiff makes an allegation that there was some coordinated action, it is hard to imagine a situation where such an allegation would be maintained. A brief review of "Exhibit A" to the Plaintiff's complaint demonstrates that the "coordinated activity" happened in a time period ranging from July 2011 to mid-August, 2011 among more than 4,000 potential infringers. The suggestion that 4,000 people located across the country, over a period of 40 days, would somehow be "coordinated" in their infringements is seriously suspect.

Numerous other courts have found that a failure to make such allegations to be fatal to an attempt to join numerous Defendants. *See e.g. Arista Records, LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) ("The 'same transaction' requirement [of Fed. R. Civ. P. 20] means there must be some allegation that the joined Defendants 'conspired or acted jointly.'" (citation omitted)). Courts have also questioned the propriety of joinder in other file-sharing cases brought against pseudonymous Defendants. Specifically:

> "It appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe Defendants in other music

downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper."

*Arista Records LLC*, 589 F. Supp. 2d 154 (D. Conn. 2008) (*citing Arista Records, LLC v. Does 1-11*, No. 07-2828, 2008 U.S. Dist. LEXIS 90183, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)). At least one court has even gone so far as to suggest that Rule 11 sanctions might apply for the attempted joinder of numerous Defendants in cases involving similar fact patterns. *Arista Records, LLC v. Does 1-27*, No. 07-162, 2008 U.S. Dist. LEXIS 6241, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008). One recent decision reviews some of the numerous cases where courts have determined that these types of cases cannot be maintained:

> "joinder of multiple defendants under Rule 20. *See, e.g.*, *Laface Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV,INC*. 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization)."

*Boy Racer, Inc. v. Does 1-60*, Case No. 3:11-cv-01738 *2 (N.D. Cal. Aug 19, 2011).

Finally, and perhaps most importantly, Defendant would be heavily prejudiced by the incredible number of infringement and defense arguments that a jury would be required to consider at trial. One court considered the possibilities:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants."

*BMG Music v. Does 1-203*, Case No. 04-650, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

At least one court in the Fourth Circuit has followed suit, finding that "mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their videos is insufficient to meet the standards of joinder." *Hard Drive Prods. v. Does*, 2011 U.S. Dist. LEXIS 119333, 9-10 (E.D. Va. Oct. 17, 2011) (*citing Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 U.S. Dist. LEXIS 53465, at *6-7 (N.D. Cal. May 12, 2011). The court went on to sever all but one John Doe from the proceeding. *Id.*

Joinder rules exist to maintain a minimal level of sanity in a litigation proceeding. Alleging that numerous Doe Defendants, located across the state, have infringed any number of works is exactly the type of situation that joinder rules intend to avoid. Doe Defendant should accordingly be severed or dismissed from the present matter.

### III. THE SUBPOENA SHOULD BE QUASHED

Even where Doe Defendant is not otherwise dismissed from this matter, the subpoena issued to the Internet Service Provider seeking information about her should be quashed.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes an "undue burden." Furthermore, the Federal Rules dictate that a court may "make any

order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining an "undue burden," a court generally examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).

First and foremost, Plaintiff ignores the fact that "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1-1017*, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011). The *VPR Internationale* court goes on to explain that while "an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* Requesting subscriber information that may or may not be the alleged copyright infringer annoys the non-infringer and almost certainly leads to attorney's fees and costs, regardless of whether the subscriber infringed the work.

In addition, the request burdens a third party ISP with a request for information about an act that may or may not be actionable against Doe Defendant. More importantly, any release of information to the Plaintiff will undoubtedly lead to a flurry of demand letters sent to all of the Doe defendants. These letters regularly allege copyright infringement and demand substantial cash payments to avoid the specter of further litigation. Plaintiff should not be granted a license to burden or harass alleged infringers in this manner given the fact that many, if not most, of the

ISP subscribers are not infringing the Plaintiff's works. The subpoena referencing Doe Defendant should accordingly be quashed.

### IV. CONCLUSION

Given all the foregoing, Doe Defendant #693 should be dismissed or severed from the present proceeding based on misjoinder. Alternatively, the subpoena should be quashed.

Respectfully submitted,



_____
Eric J. Menhart (Bar No. 16869)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
http://www.cyberlaw.pro

### CERTIFICATE OF SERVICE

A copy of the foregoing will be electronically served via ECF.

_____
Eric J. Menhart