**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| NU IMAGE, INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **CA. 8:11-cv-02736-DKC** |
| | ) | |
| DOES 1 – 4,165 | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**<u>PLAINTIFF'S OPPOSITION TO DOE DEFENDANT MOTIONS TO QUASH</u>**

**<u>SUBPOENA, DISMISS, AND/OR SEVER [DOC. NOS. 44, 45, 46, 48, 50, 52, 54, 56, 57, 60,</u>**

**<u>61, 63, 64, 66, 67, 68, 69, 70, 71, 73]</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ....................................................................................................................2

    A. THE DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE .......2

    B. THE SUBPOENAS AT ISSUE ARE PROPER ...........................................................5

    C. NO GOOD CAUSE EXISTS TO QUASH THE SUBPOENAS...................................6

        1. Standards on motions to quash ...............................................................................6

        2. Plaintiff has shown good cause to obtain the discovery ...........................................9

        3. The Doe Defendants' arguments that the subpoenas create an undue burden are

           misplaced ...............................................................................................................10

        4. The merits of the Doe Defendants' defenses are not at issue on a motion to quash11

        5. The Doe Defendants have not, and cannot, demonstrate that the information sought

           is privileged............................................................................................................12

    D. JOINDER IS PROPER AT THIS STAGE OF THE CASE .........................................16

        1. General standards regarding joinder ......................................................................16

        2. Plaintiff's right to relief arises out of the same transaction, occurrence, or series of

           transactions or occurrences....................................................................................18

        3. A question of law or fact common to all Doe Defendants will arise in the action ..21

        4. Similar cases have found that allegations similar to Plaintiff's do not violate

           Rule 20...................................................................................................................22

        5. Similar cases that have found misjoinder are significantly distinguishable and

           flawed....................................................................................................................24

        6. Joinder will not prejudice the Doe Defendants or result in needless delay .............28

E. QUASHING THE SUBPOENAS OR DISMISSING A PARTICULAR DOE

DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE

PREMATURE ................................................................................................................30

III. CONCLUSION..................................................................................................................33

TABLE OF AUTHORITIES

**Cases**

Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577,

   Case No. 10-453 (D.D.C.) ............................................................4, 23

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) ........................................... 7-8

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ...........................................13

Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160

   (N.D. Ohio Nov. 3, 2008) ..........................................................24, 27

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) ..................23, 30

Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1 (D.D.C. 2008) ................................8, 13, 21

Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008) ............. 23, 24, 27-28, 29

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004)..25, 26

Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162 (D.D.C. 1987)........................................17

Call of the Wild Movie, LLC v. Does 1-1,062,

   770 F.Supp.2d 332 (D.D.C. 2011) .......................................... 13, 14, 15, 22-23, 29, 31, 32

Call of the Wild Movie, LLC v. Smith,

   274 F.R.D. 334 (D.D.C. 2011).....................................................6, 10-11, 11-12, 24-25, 31

Call of the Wild Movie, LLC v. Does 1-358, Case No. 10-455 (D.D.C.) .....................................4

Covad Commun's Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278

   (D.S.D. Nov. 4, 2009) ....................................................................7

Davidson v. District of Columbia, 736 F. Supp. 2d 115 (D.D.C. 2010)........................................17

Diabolic Video Prods. v. Does 1-2099, 2011 WL 3100404, 2011 U.S. Dist. LEXIS 58351

   (N.D. Cal. May 31, 2011) ..............................................................24

Digital Sin, Inc. v. John Does 1 – 176, Case 1:12-cv-00126 (S.D.N.Y. Jan. 30, 2012) ...............25

DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004) ....................................... 19-20, 22, 28

DIRECTV. Inc. v. Essex, No. C02-5503RJB, 2002 U.S. Dist. LEXIS 26923

    (W.D. Wash. Nov. 13, 2002) ...........................................................................20

DIRECTV, Inc. v. Hosey, 289 F. Supp. 2d 1259 (D. Kan. 2003) .................................................20

DIRECTV, Inc. v. Russomanno, No. 03-2475, 2003 U.S. Dist. LEXIS 23403

    (D.N.J. Nov. 12, 2003)....................................................................................20

Disparte v. Corporate Executive Bd., 223 F.R.D. 7 (D.D.C. 2004) .......................................17, 21

Doe v. Fed. Bureau of Investigation, 218 F.R.D. 256 (D. Colo. 2003) ...........................................3

Does I thru XXIII v. Advanced Textile, 214 F.3d 1058 (9th Cir. 2000) ...........................................3

Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981).................................................................................3

Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520 (D.D.C.) .............................................4

Feist Publ'ns, Inc. v. Rural Tel. Service Co., Inc., 499 U.S. 340, 111 S. Ct. 1282,

    113 L.Ed.2d 358 (1991) .................................................................................14

Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701

    (W.D. Pa. Apr. 3, 2008) ...............................................................................8, 24

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .................................................................13

Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404 (3d Cir. 2004)...................................6

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed. Cir. 1986) .................................8

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)...........................................8

In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) .........................................................................5

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008)........................................13

James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15 (D.D.C. 2002)...........................................6

James v. Jacobson, 6 F.3d 233 (4th Cir. 1993) ...............................................................3

Johnson v. Gmeinder, 191 F.R.D. 638 (D. Kan. 2000) .................................................7

K-Beech, Inc. v. Does 1-22, Civil Action No. 11–cv–01774–AW,

    2011 WL 6000768 (Nov. 29, 2011)........................................................22

Lane v. Tschetter, No. 05–1414, 2007 WL 2007493 (D.D.C. July 10, 2007).............29

Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988) ...........................3

Liteky v. United States, 510 U.S. 540 (1994) ................................................................3

London–Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008) ...........28, 30

M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002) .............................................................17

Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569 (D.D.C.).......................4

MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004)....................19

Mosley v. General Motors Corporation, 497 F.2d 1330 (8th Cir. 1974)................. 16-17

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984).............8

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007)........................7

Oracle, USA, Inc. v. SAP AG, 2009 WL 1011321 (D. Colo. April 14, 2009)...............6

Patrick Collins, Inc. v. Does 1-22, Civil Action No. 11–cv–01772–AW,

    2011 WL 5439005 (Nov. 8, 2011)......................................................22

Patrick Collins, Inc. v. Does 1-11, Civil Action No. 11–cv–01776–AW,

    2011 WL 5439045 (Nov. 8, 2011)......................................................22

Sony Music Entm't Inc. v. Does 1-40,

    326 F. Supp. 2d 556 (S.D.N.Y. 2004)................................13, 14, 15, 23, 30, 32

Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006)...................19

Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,

599 F.2d 707 (5th Cir. 1979) ...........................................................................2

Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11–cv–03006–AW,

2011 WL 6837774 (Dec. 28, 2011) ................................................................22

Thomas v. Marina Assocs., 202 F.R.D. 433 (E.D. Pa. 2001) .........................................7

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130,

16 L.Ed.2d 218 (1966) ...................................................................................17

U.S. v. Hambrick, 55 F. Supp. 2d 504 (W.D. Va. 1999) ...............................................13

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979) ......................................8

U.S. v. Kennedy, 81 F. Supp. 2d 1103 (D. Kan. 2000) .................................................13

United States v. Microsoft Corp., 56 F.3d 1448 (D.C. Cir. 1995) ...................................3

Voltage Pictures, LLC v. Does 1-5,000, Case No. 10-00873 (D.D.C.) ...........................4

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) ..................7

West Bay One, Inc. v. Does 1-2,000, Case No. 10-481 (D.D.C.) ............................4, 23

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011).........12, 23, 31

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) .....8

Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997) .............................................7

**Statutes**

Fed. R. Civ. P. Rule 5 ....................................................................................2

Fed. R. Civ. P. Rule 22 ..................................................................................2

Fed. R. Civ. P. Rule 20 ................................................................................16

Fed. R. Civ. P. Rule 21 ................................................................................16

Fed. R. Civ. P. Rule 26 ..................................................................................6

Fed. R. Civ. P. Rule 45 ............................................................................................................. 5-6, 7

L.R. 101.1 ...................................................................................................................................5

L.R. 102.1 ...................................................................................................................................2

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. INTRODUCTION

Plaintiff has identified certain Doe Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet.  At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on September 22, 2011 and named Does 1-4,165 as Defendants.  [Doc. No. 1]  Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 21, 2011.  [Doc. No. 4]  The Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 30, 2011.  [Doc. Nos. 5, 6]  Pursuant to that Order, Plaintiff has served the ISPs with subpoenas to identify certain of the Doe Defendants.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified infringing IP addresses on the date and time of alleged infringement.  Numerous Doe Defendants have filed purported motions to quash the subpoena, dismiss a particular Doe Defendant, or sever the case for misjoinder.  [Doc. Nos. 44, 45, 46, 48, 50, 52, 54, 56, 57, 60, 61, 63, 64, 66, 67, 68, 69, 70, 71, 73]  Because the motions do not provide good cause for quashing

the subpoenas, dismissing a particular Doe Defendant, or severing this case, Plaintiff requests

that the motions be denied in their entirety.[1]


II. ARGUMENT

    A.  THE DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE.

    As an initial matter, most of the Doe Defendants' motions were not served on Plaintiff.

All written motions and written notices must be served on every party.  Fed. R. Civ. P. Rule

5(a)(1)(D), (E).  Here, the motions filed on behalf of the Doe Defendants related to Doc. Nos. 45,

52, 54, 57, 60, and 61 were not served on Plaintiff or contain a certificate of service.

    Additionally, some of the Doe Defendants did not properly identify themselves on the

purported motions.  Both the Federal Rules of Civil Procedure and Local Civil Rules require that

persons filing papers in this Court identify themselves by name and provide contact information.

"Every ... written motion, and other paper must be signed . . . by a party personally if the party is

unrepresented. The paper must state the signer's address, e-mail address, and telephone number

... The court must strike an unsigned paper unless the omission is promptly corrected after being

called to the ... party's attention."  Fed. R. Civ. P. Rule 11(a).  "At the bottom of all Court

documents, counsel and self-represented litigants shall state their name, address, telephone

number, e-mail and fax number."  L.R. 102.1.b.i.

    Though some exceptions to this rule may exist for sensitive personal matters (see

generally Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d

707 (5th Cir. 1979)), litigants are generally expected to identify themselves to "'protect[] the

public's legitimate interest in knowing all of the facts involved, including the identities of the

---

[1]  In fact, it is obvious that many of the motions are copied from other doe defendant filings in
other cases or are form motions purchased by the Doe Defendants.

parties.'" <u>United States v. Microsoft Corp.</u>, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (quoting <u>Doe v. Frank</u>, 951 F.2d 320, 322 (11th Cir. 1992)).  "[I]t is the responsibility of judges to avoid secrecy ... and the concealment of the judicial process from public view.  Courts are public institutions which exist for the public to serve the public interest." <u>Doe v. Fed. Bureau of Investigation</u>, 218 F.R.D. 256, 258 (D. Colo. 2003); <u>see also</u> <u>Does I thru XXIII v. Advanced Textile</u>, 214 F.3d 1058, 1068-69 (9th Cir. 2000) (stating that parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment") (internal quotations omitted).[2]

Additionally, while the Doe Defendants may argue that the First Amendment should shield identification, the Court must consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party by weighing a party's "privacy concerns against the presumption of openness of judicial proceedings." <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir. 1981); <u>see</u> <u>Microsoft Corp.</u>, 56 F.3d at 1464.  Factors to consider include: factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. <u>James v. Jacobson</u>, 6 F.3d 233, 238 (4th Cir. 1993).

---

[2]  Identification of the parties is also necessary to protect the integrity of the litigation process by enabling the presiding judge to determine whether recusal may be necessary.  <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994); <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 860 (1988).

As one court has recently ruled in similar cases of alleged copyright infringement through the use of BitTorrent, the Doe Defendants should not be permitted to proceed anonymously, especially considering that they have no cognizable claim of privacy in their identifying/subscriber information (discussed below).  See Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, Case No. 10-453, Order of September 16, 2010, Doc. No. 91 (D.D.C.) (Collyer, J.); West Bay One, Inc. v. Does 1-1,653, Case No. 10-481, Order of September 16, 2010, Doc. No. 44 (D.D.C.) (Collyer, J.); Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569, Order of December 1, 2010, Doc. No. 17 (D.D.C.) (Leon, J.); Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520, Order of January 14, 2011, Doc. No. 18 (D.D.C.) (Sullivan, J.).

Most recently, Judge Howell of the U.S. District Court for the District of Columbia provided an extensive and well reasoned opinion in similar cases, wherein Judge Howell found that the Doe Defendants' desire to "submit motions and proceed anonymously in this case does not override the public's interest in identifying the parties" and that the Doe Defendants must at least reveal their identities and provide identifying information to the Court.  Call of the Wild Movie, LLC v. Does 1-358, Case No. 10-455, Order of February 24, 2011, Doc. No. 25 at p. 9 (D.D.C.); Voltage Pictures, LLC v. Does 1-5,000, Case No. 10-00873, Order of February 24, 2011, Doc. No. 27 at p. 9 (D.D.C.).[3]

Here, Doc. Nos. 46, 48, 52, 54, 57, 61, and 73 do not have any identifying information. Some of the other documents may have provided the required name, address, and telephone number, but such information has been redacted wherein unredacted copies of those motions

---

[3]  Judge Howell made this determination after evaluating all of the factors set forth in James v. Jacobson.

have not been provided to Plaintiff.[4]  Accordingly, Plaintiff is only able to serve this opposition on Doe Defendants related to Doc. Nos. 44, 50, and 45 as those Doe Defendants are represented by counsel.

Therefore, the motions should be denied in their entirety for failure to comply with the appropriate court procedures.[5]

B.  THE SUBPOENAS AT ISSUE ARE PROPER.

Some of the Doe Defendants argue that the subpoenas at issue are defective in violation of Fed. R. Civ. P. Rule 45.   However, these arguments constitute misrepresentations and misunderstandings of the relevant law.

Here, the subpoenas were "issued" out of this Court for this case pending in this Court. [See, e.g., Doc. No. 41-1]  As the issuing court, this Court and only this Court has jurisdiction to act upon the subpoenas.  See In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998) ("Subpoenas are process of the issuing court, and nothing in the Rules even hints that any other court may be given the power to quash or enforce them.").

Further, the subpoenas were issued from the proper court, as it was issued from the court where production is to be made, i.e. where the documents are to be sent – the district court for the District of Maryland.  Fed. R. Civ. P., Rule 45(a)(2)(C) states that "[a] subpoena must [be] issue[d] ... from the court for the district where the production or inspection is to be made." "'Production' refers to the delivery of documents, not their retrieval, and therefore 'the district in

---

[4]  Plaintiff does not know whether the Doe Defendants or the Court has redacted the information in these filings.  It does not appear that all of the Doe Defendant has moved for a protective order or for leave to file under seal.

[5]  "Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure."  L.R. 101.1.a.

which the production ... is to be made' is not the district in which the documents are housed but

the district in which the subpoenaed party is required to turn them over." Hay Group, Inc. v.

E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004); see James v. Booz-Allen &

Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002); see also Oracle, USA, Inc. v. SAP AG, 2009

WL 1011321*2 (D. Colo. April 14, 2009) (summarizing court holdings across the country as

"uniformly" rejecting the notion that production takes place where the sender resides).

Lastly, as Judge Howell recently stated in denying similar motions in nearly identical

cases:

> Any reliance the putative defendants may have placed on Federal Rule of
> Civil Procedure 45(c)(3)(A)(ii) as an alternate basis to quash the plaintiff's
> subpoenas is therefore also misplaced.  Rule 45(c)(3)(A)(ii) requires the Court to
> quash a subpoena when the subpoena "requires a person who is neither a party nor
> a party's officer to travel more than 100 miles from where that person resides, is
> employed, or regularly transacts business in person...." The putative defendants
> are not required to respond to the plaintiff's subpoenas or otherwise travel away
> from their homes or places of employment.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 338 fn. 4 (D.D.C. 2011).


C.  NO GOOD CAUSE EXISTS TO QUASH THE SUBPOENAS.

1.  Standards on motions to quash

A person served a discovery subpoena may move either for a protective order under Rule

26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c)

authorizes district courts, upon a showing of "good cause" by "a party or by the person from

whom discovery is sought" to "make any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3)

provides that the court may quash or modify the subpoena if it requires disclosure of privileged

or other protected matter, if no exception or waiver applies, or if it subjects a person to undue

burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party,

but a party does have standing to object to a subpoena served upon a non-party which requires

the production of privileged information."  Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-

102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990

F. Supp. 1138, 1141 (E.D. Mo. 1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D.

18, 21 (D.D.C. 2005) ("A motion to quash, or for a protective order, should generally be made

by the person from whom the documents or things are requested." [citing 9A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the

grounds that it requires disclosure of information "privileged at common law or by statute or

rule" and not any other grounds.  See Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo.

1997).  "The general rule is that a party has no standing to quash a subpoena served upon a third

party, except as to claims of privilege relating to the documents being sought."  Id. (citation

omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D. Kan. 2000); Thomas v.

Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001); Novak v. Capital Mgmt. & Dev. Corp.,

241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of

privilege the Defendants would have had to show some reason to believe that the subpoena

threatened the disclosure of information that was protected by a privilege that *these* Defendants

could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10

(D.D.C. 2009) (holding that District of Columbia Department of Corrections had no right to

claim work product or attorney-client privilege with regard to United States Attorney's Office's

files relating to former corrections officer's criminal prosecution for assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See Arista Records LLC v. Does 1-19, 551 F.Supp.2d at 8 ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

2.   <u>Plaintiff has shown good cause to obtain the discovery.</u>

The Court has already determined that Plaintiff has met the threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [<u>see</u> Doc. No. 4], Plaintiff identified the unique IP address for each Doe Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Doe Defendant, from information provided to it by Guardaley, Limited.  This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Doe Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Doe Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a *prima facie* evidentiary showing that the IP addresses identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movie on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  <u>See</u> Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 4-2]) ¶ 4.  Accordingly, Doe Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movie for unlawful transfer or distribution.  <u>See id.</u> at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's movie

9

from the IP address assigned to this Doe Defendant, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Doe Defendants distributed were actually Plaintiff's movie by watching both and comparing them.  Id. at ¶¶ 16-17.

> 3.   The Doe Defendants' arguments that the subpoenas create an undue burden are misplaced.

A number of Doe Defendants state that they have already suffered annoyance, undue burden, and expense or will suffer annoyance, undue burden, and expense related to the subpoenas.[6]  The Doe Defendants' assertions are misleading, at best.

Plaintiff did not force the Doe Defendants to interject themselves in this case.  The Doe Defendants have not been named and served and are under no duty to litigate in this case.  They were, and still are, under no obligation to respond to the subpoenas or produce and documents in response to the subpoenas.  Further, the Doe Defendants have not shown how they have already suffered additional annoyance, undue burden, and expense above and beyond the same supposed annoyance, undue burden, and expense had the case been in their home jurisdictions.

Judge Howell previously rejected the circular logic of this identical argument:

> These putative defendants essentially argue that the plaintiff's subpoenas require them to litigate in a forum in which they should not be subject to personal jurisdiction, which causes them hardship. As explained more fully *infra*, the putative defendants' personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit. Given that they are not named parties, the putative defendants are not required to respond to the allegations presented in the plaintiff's Second Amended Complaint or otherwise

---

[6]  Some of the Doe Defendants refer to tactics by other attorneys in other cases and argue that the subpoenas should be quashed so that they are not subject to similar tactics.  Again, many of these motions appear to be copied from other filings in other cases or from form motions used in other cases and do not specifically cite to Plaintiff or Plaintiff's attorneys.  Notwithstanding, such arguments are completely irrelevant to the burdens placed on the Doe Defendants by the subpoena, which are none.

litigate in this district. The plaintiff has issued subpoenas to the putative defendants' ISPs, not to the putative defendants themselves. Consequently, the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. at 338.


4.  The merits of the Doe Defendants' defenses are not at issue on a motion to

   quash.

Most of the Doe Defendants argue that the subpoenas should be quashed because the Doe

Defendant did not engage in the alleged activity or so that the Doe Defendant can assert

defenses.  However, the merits of a case are not at issue on a motion to quash a subpoena.

As stated by Judge Howell in the U.S. District Court for the District of Columbia in

denying several similar motions:

> Mr. Lown's general denial that he engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena. It may be true that Mr. Lown did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of this assertion, decide not to name Mr. Lown as a party in this lawsuit. On the other hand, the plaintiff may decide to name Mr. Lown as a defendant in order to have the opportunity to contest the merits and veracity of Mr. Lown's defense in this case. In other words, if Mr. Lown is named as a defendant in this case, Mr. Lown may deny allegations that he used BitTorrent to illegally copy and distribute the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against him. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining Mr. Lown's identifying information. That would deny the plaintiff access to the information critical to bringing Mr. Lown properly into the lawsuit to address the merits of both the plaintiff's claim and Mr. Lown's defense. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1–4,577*, 736 F.Supp.2d 212, 215 (D.D.C.2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties].")); *see also Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701, at *8 (W.D.Pa.

Apr. 3, 2008) (if a putative defendant "believes that it has been improperly identified by the ISP, [the putative defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 337-338 (D.D.C. 2011); see also West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 13 (D.D.C. 2011) (Collyer, J.) ("A substantial number of the movants claim that they have no knowledge of the alleged infringing activity, or that someone else downloaded and/or distributed Plaintiff's copyrighted film using their IP address, possibly through an unsecured wireless network connection. However, objections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoenas. The Court has authorized Plaintiff to serve subpoenas on ISPs for the purpose of identifying the individuals associated with the IP addresses that were allegedly used to infringe Plaintiff's copyright. Whether these individuals are actually liable is a contested issue of fact that remains to be litigated, and movants' protestations of innocence do not give the Court a proper basis to quash or modify the subpoenas seeking their contact information.").

As most of the Doe Defendants' motions amount to nothing more than defenses to the allegations of copyright infringement, there is no basis to quash the subpoenas.  Therefore, the Doe Defendants' motions should be denied in their entirety.

5.    The Doe Defendants have not, and cannot, demonstrate that the information sought is privileged.

Some of the Doe Defendants also challenge the subpoenas arguing that the subpoenas require the production of privileged information or that they will suffer annoyance, undue

burden, and expense if their privileged identifying information is revealed to Plaintiff.  However,

such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the

Internet to distribute or download copyrighted films or music without authorization is not

entitled to have their identity protected from disclosure under the First Amendment. See Call of

the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 348-354 (D.D.C. 2011); see also

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); Arista Records

LLC v. Does 1-19, 551 F.Supp.2d at 8-9 (finding that the "speech" at issue was that doe

defendant's alleged infringement of copyrights and that "courts have routinely held that a

defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the

alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001)

("computer users do not have a legitimate expectation of privacy in their subscriber information

because they have conveyed it to another person—the system operator"); Sony Music Entm't

Inc. v. Does 1-40, 326 F. Supp. 2d 556, 556 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); Arista

Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000); U.S. v. Kennedy, 81 F.

Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not

violated when an ISP turned over his subscriber information, as there is no expectation of

privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of

copyrighted works over the Internet constitutes protected First Amendment speech, the

protection afforded such speech is limited and gives way in the face of a *prima facie* showing of

copyright infringement.  "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 567; see Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 353-354 ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.").

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here.  For the Plaintiff to establish a *prima facie* claim of copyright infringement, it must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

First, Plaintiff alleges that it is the "holder of the pertinent exclusive rights infringed by Defendants" and cites to the copyright certificate issued by the Registrar of Copyrights. [Doc. No. 1 (Complaint) at ¶ 10]  Plaintiff further asserts that the Doe Defendants violated the Plaintiff's exclusive rights of reproduction and distribution when they, "without the permission or consent of Plaintiff, has used, or continues to use, an online media distribution system to reproduce and distribute to the public the Copyrighted Motion Picture."  Id. at ¶ 12.  Plaintiff supports these allegations by supplying the date and time that the alleged infringement occurred,

14

along with affidavits from Benjamin Perino and Patrick Achache describing the process by which the Doe Defendants' infringement was observed, recorded, and verified.  [See Doc. Nos. 4-1, 4-2]

Accordingly, Plaintiff has appropriately pled a *prima facie* claim of copyright infringement against the Doe Defendants.  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 565 (stating that plaintiffs made concrete showing of a prima facie claim of copyright infringement by alleging valid ownership of copyrights and "that each defendant, without plaintiffs' consent, 'used, and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others' certain of the copyrighted recordings"); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 351-352 (same).

Second, Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff needs to prosecute the lawsuit.  Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, i.e. the Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address, and Plaintiff will only use that information in this lawsuit.

Third, Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs.  Fourth, without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright.  The Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Lastly, the Doe Defendants have minimal First Amendment protection, and their expectation of privacy is similarly minimal in this context.  Such an expectation of privacy is

further eradicated by the fact that the Doe Defendants have already shared this information with their ISPs.  In fact, most ISPs provide notice to their subscribers that they may share this information, further eradicating any expectation of privacy.  <u>See, e.g.</u>, Comcast's XFINITY Customer Privacy Notice

([http://www.comcast.com/corporate/customers/policies/customerprivacy.html?SCRedirect=true](http://www.comcast.com/corporate/customers/policies/customerprivacy.html?SCRedirect=true)).

Overall, the Doe Defendant's exceedingly small First Amendment and privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.

### D.  JOINDER IS PROPER AT THIS STAGE OF THE CASE.

#### 1.  <u>General standards regarding joinder</u>

The Federal Rules of Civil Procedure, specifically Rule 20, provide for the permissive joinder of parties.  As relevant to this case, Rule 20 states that "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. Rule 20(a)(2).

Rule 21 states that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. Rule 21.

In considering the first prong of Rule 20(a), determining whether claims are part of the same transaction, occurrence, or series of transactions and occurrences, the Court should ask whether the claims are "logically related."  <u>See, e.g.</u> <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d

1330, 1333 (8th Cir. 1974); <u>see also</u> <u>Disparte v. Corporate Executive Bd.</u>, 223 F.R.D. 7, 10, fn. 6 (D.D.C. 2004) (stating that the "logical relationship test is flexible"). This is a flexible test, and "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

As to the second prong of Rules 20(a), "[t]he rule does not require that all questions of law and fact raised by the dispute be common….common questions have been found to exist in a wide range of context." <u>Mosley v. General Motors Corporation</u>, 497 F.2d at 1334. Lastly, some courts consider whether an order under Rule 21 would prejudice any party or would result in undue delay. <u>See</u> <u>Brereton v. Commc'ns Satellite Corp.</u>, 116 F.R.D. 162, 163 (D.D.C. 1987) (stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party).

Overall, the purpose of Rule 20 is "to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." <u>M.K. v. Tenet</u>, 216 F.R.D. 133, 137 (D.D.C. 2002). "[T]he two prongs of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy . . . in a manner that will secure the just, speedy, and inexpensive determination of the action." <u>Davidson v. District of Columbia</u>, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (citations and alterations omitted).

2. <u>Plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences.</u>

The nature of the infringement alleged in this case tends to show that all Doe Defendants engaged in the same series of transactions and occurrences.  Each Doe Defendant is alleged to have participated in a swarm with other Doe Defendants, all of which was targeted at one thing – illegally downloading/uploading Plaintiff's copyrighted movie.  [<u>See</u> Doc. No. 1 (Complaint) ¶ 3]  Even though all of the Doe Defendants may not have participated on the very same day and time, all of the events involving all of the Doe Defendants are logically related to the sharing of the "seed" file (Plaintiff's copyrighted movie in digital form).  <u>See id.</u>

Specifically, Plaintiff alleges that the BitTorrent file-sharing protocol "makes every downloader also an uploader of the illegally transferred file(s).  This means that every 'node' or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file."  [Doc. No. 1 (Complaint) ¶ 3]  Additionally, the "nature of a BitTorrent protocol [is that] any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file."  <u>Id.</u> at ¶ 4.

Again, this BitTorrent file-sharing protocol is significantly different from the prior cases involving copyright infringement via P2P systems.  [<u>See</u> Doc. No. 1 (Complaint) ¶ 3]  Using those platforms, the infringer basically copied a work from one other user.  Each particular act of infringement involved a specific one-on-one connection between two users for that specific file.  Once the sharing of that file was over, so presumably was the relationship between the infringers.

18

Further, because those prior music peer-to-peer cases dealt with multiple rights holders asserting claims for multiple copyrighted works, the infringements tended to be more independent and unrelated acts amongst the various doe defendants.  For example, in the prior cases each doe defendant was typically alleged to have downloaded a number of different songs—protected by a number of different copyrights and owned by a number of different plaintiff copyright holders—from various third-party infringers.

Here, the fact that Plaintiff is alleging infringement of only one work tends to show a relationship among all Doe Defendants.  In MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004), the court specifically held that joinder of unrelated defendants who allegedly infringed the same patent was proper.  The court stated:

> A logical relationship exists if there is some nucleus of operative facts or law….MyMail alleges that all defendants have infringed the '290 patent….The UOL Defendants urge the Court to adopt the rule that infringement by different defendants does not satisfy Rule 20's same transaction requirement, but the Court finds that this interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation. In essence, the UOL Defendants advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent. The Court disagrees with such a per se rule that elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes.

Id. at 456-457 (internal citations omitted); see Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006) ("The first requirement is met because Sprint's claims against all the defendants arise out of the same transaction or occurrence. Most notably, Sprint alleges that each of the defendants has infringed the same seven patents.").

Also, in DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004), the court held that the satellite broadcaster's action against alleged owners of pirate access devices arose out of same "transaction" for purposes of the joinder rule.  There, the broadcaster alleged that each

defendant purchased one or more devices, identical or nearly identical, designed to illegally intercept satellite signals or facilitate illegal interception, and records and other information that served as the basis of broadcaster's claims arose from the same investigations and raids.  Id. at 632; see also DIRECTV, Inc. v. Russomanno, No. 03-2475, 2003 U.S. Dist. LEXIS 23403, at *14 (D.N.J. Nov. 12, 2003) (finding it difficult at an early stage in the litigation to conduct an analysis to determine whether the claims against defendants involve the same factual issues or arise out of the same transactions or series of transactions: "without some discovery and the development of a substantive factual record, defendants cannot yet demonstrate the propriety of severing the claims and instituting separate actions against each of them"); DIRECTV, Inc. v. Hosey, 289 F. Supp. 2d 1259, 1262 (D. Kan. 2003) (declining to sever the claims because it was "not prepared to hold that the claims in this case did not arise out of the same transaction, occurrence, or series of transactions or occurrences."); DIRECTV. Inc. v. Essex, No. C02-5503RJB, 2002 U.S. Dist. LEXIS 26923, at *4 (W.D. Wash. Nov. 13, 2002) (declining to sever claims because defendants "purchased and used Pirate Access Devices ... from the same distribution center in Santa Ana, California" and the alleged purchases fell "within a twelve-month time frame, from June 2000 through May 2001.").

Similarly, in this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff.  Based on these allegations, Plaintiff's claims against all of the Doe Defendants are logically related.

Each Doe Defendant is a possible source for Plaintiff's movie and may be responsible for distributing the movie to the other Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material.  See Disparte, 223 F.R.D. at 10 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible.").  While the Doe Defendants may be able to rebut these allegations later, Plaintiff has sufficiently alleged that its claims against the Doe Defendants potentially stem from the same transaction or occurrence and are logically related.  See Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1, 11 (D.D.C. 2008). ("While the Courts notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.").

3.  <u>A question of law or fact common to all Doe Defendants will arise in the action.</u>

Plaintiff has alleged identical claims against all Doe Defendants for each and every Doe Defendant's alleged use of an online media distribution system to distribute Plaintiff's movie. [<u>See</u> Doc. No. 1 (Complaint) at ¶ 12]  Therein, Plaintiff has alleged similar questions of fact, including without limitation how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity.  Further, Plaintiff has alleged the exact same legal claim against each and every Doe Defendant – "Infringement of Copyrights."  [<u>See</u> Doc. No. 1 (Complaint) at p. 4]  Therein, Plaintiff has alleged similar questions of law and fact against all Doe Defendants concerning the validity of the copyrights in the movie and the infringement of the exclusive rights reserved to Plaintiff as the copyright holder.

Therefore, Plaintiff has satisfied the second prong of Rule 20(a)(2).  See DIRECTV, Inc. v. Barrett, 220 F.R.D. at 632 ("The court also concludes that the claims against the defendants involve at least one common question of law or fact. DIRECTV seeks redress under identical legal theories against each of the defendants in each case. The claims in each complaint and the law under which they are brought are the same. Based on DIRECTV's allegations, the claims in each case involve at least one common question of law.").

 

        4.   Similar cases have found that allegations similar to Plaintiff's do not violate Rule 20.

Other courts dealing with cases for copyright infringement against unknown doe defendants have specifically found that joinder of the defendants was proper under Rule 20, especially at the early outset of these types of cases.

Recently, this Court (Judge Williams, Jr.) issued a number of opinions and orders finding joinder proper in similar cases.  Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11–cv–03006–AW, 2011 WL 6837774 (Dec. 28, 2011); K-Beech, Inc. v. Does 1-22, Civil Action No. 11–cv–01774–AW, 2011 WL 6000768 (Nov. 29, 2011); Patrick Collins, Inc. v. Does 1-22, Civil Action No. 11–cv–01772–AW, 2011 WL 5439005 (Nov. 8, 2011); Patrick Collins, Inc. v. Does 1-11, Civil Action No. 11–cv–01776–AW, 2011 WL 5439045 (Nov. 8, 2011).

Previously, the U.S. District Court for the District of Columbia issued a number of detailed rulings regarding the joinder issue in nearly identical cases.  Judge Howell concluded that "the Plaintiff's allegations against the putative defendants in each case meet the requirements for permissive joinder."  Call of the Wild Movie, LLC v. Does 1-1,062, 770

F.Supp.2d at 341; see Call of the Wild Movie, LLC v. Smith, 274 F.R.D. at 340-344 (providing

extensive analysis, including distinguishing adverse rulings in similar torrent cases).

     Judge Kollar-Kotelly came to the same conclusion in denying multiple Doe Defendants'

motions to quash subpoenas or dismiss them from a similar case.  West Coast Productions, Inc.

v. John Does 1-5829, 275 F.R.D. at 15-16.  In two similar cases in front of Judge Collyer, an

order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper

at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not

severed due to misjoinder…."  West Bay One, Inc. v. Does 1-2,000, Case No. 10-481, Doc. No.

25 at p. 1 (D.D.C. July 2, 2010); Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v.

Does 1-4,577, Case No. 10-453, Doc. No. 34 at p. 1 (D.D.C. July 2, 2010).

     The operative pleadings in this case and the Achte/Neunte Boll Kino Beteiligungs

GMBH & Co. KG, West Bay One, Inc., Call of the Wild Movie, LLC, Maverick Entertainment

Group, Inc., Voltage Pictures, LLC, Donkeyball Movie, LLC, and West Coast Productions, Inc.

cases contain nearly identical allegations, except for the named plaintiff and films, as every

operative pleading was drafted by the same firm representing all of the plaintiffs.[7]

     Additionally, numerous other courts in similar cases have declined to find misjoinder.

Such other cases include, without limitation, Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d

240 (D. Me. 2008), Arista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009

WL 414060 (N.D.N.Y. Feb. 18, 2009), Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d

556 (S.D.N.Y. 2004), and the DIRECTV, Inc. cases cited herein, all of which held that joinder

was proper.  In fact, in many of the similar music download cases, the plaintiffs submitted a list

[7]  The decisions in these recent cases in the U.S. District Court for the District of Columbia were
made after extensive briefing and oral arguments, including the participation of numerous
amicus organizations that submitted briefs and presented argument on behalf of the doe
defendants.

of over three hundred court orders that have apparently approved joinder in similar cases.  <u>See</u>, <u>e.g.</u>, <u>Arista Records, LLC v. Does 1-27</u>, 584 F. Supp. 2d at 251.[8]  Overall, vast prior rulings comport with Plaintiff's position.

5.   <u>Similar cases that have found misjoinder are significantly distinguishable and flawed.</u>

The Doe Defendants point to a handful of rulings in other courts that have found joinder improper in similar cases.  However, the rulings in those cases failed to consider the "logical relation" analysis followed by this Court and the U.S. District Court for the District of Columbia or even the two distinct prongs under Fed. R. Civ. P. Rule 20.  Rather, those rulings provide conclusory analysis based on concerns that the alleged infringements occurred on different days, at different times.  Overall, those rulings demonstrate a lack of full understanding of the torrent platforms.  <u>See</u> <u>Diabolic Video Prods. v. Does 1-2099</u>, 2011 WL 3100404, *4, 2011 U.S. Dist. LEXIS 58351 (N.D. Cal. May 31, 2011) (stating that "the court is limited in its technical understanding").

On the other hand, Judge Howell provided a much more extensive analysis of the joinder issue and concluded that joinder was proper in cases such as this one, where the allegations "sufficiently establishe[] a *prima facie* case of infringement of plaintiff's copyright by users of the same file-sharing software program that operates through simultaneous and sequential computer connections and data transfers among the users."  <u>Call of the Wild Movie, LLC v.</u> <u>Smith</u>, 274 F.R.D. at 340.  Therein, Judge Howell distinguished a number of contrary rulings that

---

[8]  Plaintiff acknowledges that the use of this list has been criticized by at least two courts.  <u>See</u> <u>Arista Records, LLC v. Does 1-11</u>, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D. Ohio Nov. 3, 2008); <u>Fonovisa, Inc. v. Does 1-9</u>, Civil Action No. 07-1515, 2008 WL 919701, at *5 fn. 10 (W.D. Pa. Apr. 3, 2008).

had found joinder improper in both torrent and earlier peer-to-peer cases.  See id. at 341-342

(acknowledging but distinguishing IO Grp., Inc. v. Does 1–19, No. 10–03851, 2010 WL

5071605 (N.D. Cal. Dec. 7, 2010); Lightspeed v. Does 1–1000, No. 10–cv–5604, 2011 U.S. Dist.

LEXIS 35392 (N.D. Ill. Mar. 31, 2011); Millennium TGA Inc. v. Does 1–800, No. 10–cv–5603,

2011 U.S. Dist. LEXIS 35406 (N.D. Ill. Mar. 31, 2011); Arista Records, LLC v. Does 1–11, No.

07–cv–2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008); LaFace Records, LLC v. Does 1–38,

No. 5:07–cv–298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); Interscope Records v. Does 1–25,

No. 6:04–cv–197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)).[9]

Additionally, prior court orders finding misjoinder in cases with previous technology are

not persuasive, as the technology has significantly altered the way the Doe Defendants are

infringing Plaintiff's movie.  For example, BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004

WL 953888 (E.D. Pa. Apr. 2, 2004) is unpersuasive.  First, the analysis in that case was quite

sparse and unclear.  The predominate reasoning for the court's conclusion of improper joinder

seemed to be its finding that "[e]ach claim involves different property, facts, and

defenses.…[g]iven this panoply of facts, law, and defenses…[j]oinder is improper."  The court

seemed to conclude that the allegations did not satisfy the second prong of Rule 20(a)(2) and

lacked the requirement of "any question of law or fact common to all defendants will arise in the

action."  Rule 20(a)(2)(B) (emphasis added).  However, the court never considered the initial

common question of law of whether all defendants infringed the Plaintiff's copyrights or the

---

[9]  Recently, Judge Alison J. Nathan in the U.S. District Court for the Southern District of New York acknowledged decisions on both sides of the joinder issue in a similar case and concluded "it is difficult to see how the sharing and downloading activity alleged in the Complaint – a series of individual connecting directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyright file – could not constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)." Digital Sin, Inc. v. John Does 1 – 176, Case 1:12-cv-00126, at pp. 9-10 (S.D.N.Y. Jan. 30, 2012) (emphasis in original).

initial common question of fact of whether all defendants used a file sharing service over the internet.  Either of these questions was common to all defendants and would seem to satisfy the requirement of *any* common question of law or fact.

Further, part of that court's analysis provides a clear factual distinction to this case. There, the court found that each claim of copyright infringement involved separate and distinct copyrights held by multiple plaintiffs:

> John Doe 104, for example, is alleged to have infringed nine works held by five Plaintiffs. John Doe 113 is alleged to have infringed ten works owned by a different (sometimes overlapping) group of Plaintiffs, with only one copyright identical to John Doe 104 ("Guilty Conscience," by the popular rap lyricist Eminem). John Doe 199, meanwhile, is alleged to have infringed seven works, none of them the same as John Doe 58. Plaintiff's Complaint, Exh. A. In other words, in addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant.

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 at *1.

Conversely, in the case at hand, the allegations relate to the infringement of only one copyright held by Plaintiff.  Accordingly, a question of law and fact is common to all Doe Defendants – whether each Doe Defendant did unlawfully copy and/or distribute Plaintiff's movie.

The fact that this case involves only one copyrighted work tends to show that the actions of all Doe Defendants arise from the same series of transactions or occurrences.  Further, the fact that this case involves only one copyrighted work, by definition, means that a question of fact or law will be common as to all Doe Defendants.  Again, to satisfy the requirement that a question of law or fact common to all defendants will arise in the action, Plaintiff need to only allege that *any* question of law or fact is common to all Doe Defendants.  Plaintiff has done that by alleging the same legal cause of action against each Doe Defendant and that each Doe Defendant has used

an online media distribution system to infringe the exact same work – Plaintiff's copyrighted movie.  [See Doc. No. 1 (Complaint) at ¶ 12]

Other opinions attempt to emphasize the language in BMG Music v. Does 1-203 that focused on the different defenses possible among the doe defendants in that case.  However, just because certain Doe Defendants might present different defenses, and just because *some* facts related to the Doe Defendants might be different, that does not defeat Plaintiff's initial showing under this second prong of Rule 20(a)(2).  If a plaintiff had to show that every single fact and legal argument was the same for every defendant in a case, joinder of defendants could never exist.  There will always be some level of different facts or legal theories amongst co-defendants, even where their liabilities arise out of the same transaction or series of transactions.  That is precisely why the second prong of Rule 20(a)(2) only requires that *any* question of law or fact be common to all Doe Defendants.

Overall, these other opinions improperly combine the two distinct requirements under Rule 20(a)(2).  Because the court's basis for concluding that there was misjoinder in BMG Music v. Does 1-203 was the "panoply" of facts that significantly differ from this case, this Court should not be persuaded by the two paragraph analysis of that decision.  That and other rulings and orders do not address the specific requirements under Rule 20(a) and do not state the factual and procedural circumstances factoring into each court's decision.[10]

---

[10]  Plaintiff notes that in a previous case, the Northern District Court of Ohio stated that "it appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed.R.Civ.P. 20(a)(2) and that joinder was therefore improper."  Arista Records LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160, *6 (N.D. Ohio Nov. 3, 2008).  However, it is interesting to note that the court then cites to the magistrate judge's recommendation in the Arista Records LLC v. Does 1-27 District Court of Maine case [No. 07-162-B-W, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008)], even though District Court Judge John A. Woodcock,

27

6.  <u>Joinder will not prejudice the Doe Defendants or result in needless delay.</u>

The final consideration for joinder is whether joinder would prejudice the parties or result in needless delay.  At this stage of the case, joinder will not prejudice the Doe Defendants and will not result in needless delay.[11]  In fact, joinder in a single case of Doe Defendants who allegedly infringed the same copyrighted movie promotes judicial efficiency and is beneficial to the Doe Defendants.  See <u>London–Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d at 161 (consolidating separate Doe lawsuits for copyright infringement where the "cases involve similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider. Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Further, as stated in <u>DIRECTV, Inc. v. Barrett</u>, "[a]t this stage of the litigation, the court cannot conclude that any prejudice to the defendants will outweigh the judicial economy of joinder of claims.  To the contrary, the defendants may ultimately benefit from leaving the claims joined; the fewer cases DIRECTV is managing, the better DIRECTV can control its costs--costs which potentially could be borne by the defendants."  220 F.R.D. at 632.

On the other hand, if the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect the copyrights from illegal file-sharers, which would needlessly delay its case.  Plaintiff would be forced to file over 1,000 separate

---

Jr.'s opinion declining to adopt that recommendation was issued the week prior (October 29, 2008).  <u>See generally</u> <u>Arista Records, LLC v. Does 1-27</u>, 584 F. Supp. 2d 240 (D. Me. 2008).

[11]  Again, because the Doe Defendants are currently identified only by their IP addresses and are not named parties, they are not required to respond to the Complaint or assert a defense and, consequently, can show no harm at this time.

lawsuits, in which it would then move to issue separate subpoenas to ISPs for each Doe

Defendant's identifying information. This would certainly not be in the "interests of convenience

and judicial economy," or "secure a just, speedy, and inexpensive determination of the action."

Lane v. Tschetter, No. 05–1414, 2007 WL 2007493, *7 (D.D.C. July 10, 2007) (declining to

sever defendants where "parties joined for the time being promotes more efficient case

management and discovery" and no party prejudiced by joinder); Call of the Wild Movie, LLC

v. Does 1-1,062, 770 F.Supp.2d at 345 ("The putative defendants are not prejudiced but likely

benefited by joinder, and severance would debilitate the Plaintiffs' efforts to protect their

copyrighted materials and seek redress from the putative defendants who have allegedly engaged

in infringing activity. … While this Court is fully cognizant of the logistical and administrative

challenges of managing a case with numerous putative defendants, a number of whom may seek

to file papers *pro se*, severing the putative defendants is no solution to ease the administrative

burden of the cases.").[12]

---

[12] Plaintiff cannot imagine that the Court would truly want Plaintiff to file separate cases for each Doe Defendant related to Plaintiff's one work.  As stated in Arista Records, LLC v. Does 1-27, that would result in an "alternative that does not exactly resonate with practicality."  584 F. Supp. 2d at 251.

E.  QUASHING THE SUBPOENA OR DISMISSING A PARTICULAR DOE

DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE

PREMATURE.

Some of the Doe Defendants mention that they do not reside in the district or that the

Court does not have personal jurisdiction over them and, therefore, the subpoena should be

quashed or they should be dismissed from the case.  However, the Doe Defendants have not

shown how such an inquiry is relevant at this stage of the proceedings.

In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568

(S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal

jurisdiction, holding that such a determination was premature.[13]  The court stated that it had

discretion to allow discovery to determine the basis for personal jurisdiction and that without the

identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult

to assess properly the existence of personal jurisdiction over the Doe defendants."  Id. at 567.

The court stated that such an analysis would require more of "an evaluation of the contacts

between the various defendants and the forum state" and concluded by "holding at this stage that

personal jurisdiction is lacking would be premature."  Id.; see London-Sire Records, Inc. v. Doe

1, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claiming

she was not a resident of the forum state was an insufficient basis to disallow discovery); see also

Arista Records LLC v. Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying

---

[13]  Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Similarly, Judges Howell and Kollar-Kotelly in the U.S. District Court for the District of Columbia have recently made similar rulings in cases nearly identical to this one.  Judge Howell concluded:

> To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is proper. If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 345 (2011); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 345-347 (D.D.C. 2011) ("Given that the defendants have yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature.").[14]

Judge Kollar-Kotelly concluded:

> Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their jurisdictional defenses. Furthermore, even assuming that the movants will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss. Until that time, the Court finds their arguments to be premature.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14-15.

---

[14] Judge Howell issued one Memorandum Opinion for three separate cases: Call of the Wild Movie, LLC v. Does 1-1,062, Case No. 10-455; Maverick Entertainment Group, Inc. v. Does 1-4,350, Case No. 10-569; Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520.

Here, dismissing a particular Doe Defendant or quashing the subpoenas based on personal jurisdiction would likewise be premature.  Plaintiff has not yet received all of the identifying information sought from the ISPs for these Doe Defendants.

Additionally, some of the Doe Defendants have argued that Plaintiff know, or are able to determine, each Doe Defendant's geographic location without receiving the identifying information from the ISPs by referencing geolocation tools.  However, that is simply not true.

The exact same argument and technique has been specifically rejected in numerous cases. In <u>Sony v. Does 1-40</u> the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'"  <u>Sony v. Does 1-40,</u> 326 F. Supp. 2d at 567.  The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York. This, however, does not resolve whether personal jurisdiction would be proper."  <u>Id.</u> at 567-568.

Judge Howell rejected the same argument: "[g]iven that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper.  Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named."  <u>Call of the Wild Movie, LLC v. Does 1-1,062,</u> 770 F.Supp.2d at 347.

In addition to rejecting the geolocation argument, Judge Howell also found that identification of a Doe Defendant's location via geolocation tools does not conclusively establish a lack of personal jurisdiction.  <u>See id.</u> (stating that "the nature of the BitTorrent technology enables every user of the file-sharing protocol to access copyrighted material from other peers, who may be located in multiple jurisdictions 'around the country,' including this one").

Similarly here, the Doe Defendants have not established that the proffered techniques conclusively establish the location of any particular Doe Defendant.  Further, even if geolocation techniques were accurate enough to determine the location of an IP address, that does not end the personal jurisdiction analysis.  Overall, it is premature for the Court to make any decision related to personal jurisdiction until after Plaintiff obtains the information from the ISPs and names a particular Doe Defendant.

III. CONCLUSION

Overall, the Doe Defendants have not demonstrated any reason to quash the subpoenas, dismiss a particular Doe Defendant, or sever this case at this stage of the proceedings.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.

Plaintiff has shown good cause for obtaining information related to all of the Doe Defendants from the non-party ISPs, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Therefore, the Court should deny the motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully submitted,
NU IMAGE, INC.

DATED:  March 1, 2012

By:     /s/
        Thomas M. Dunlap, MSB #27525
        DUNLAP, GRUBB & WEAVER, PLLC
        5335 Wisconsin Avenue NW, Suite 440
        Washington, D.C. 20015-2052
        Telephone: 202-316-8558
        Facsimile: 202-318-0242
        tdunlap@dglegal.com
        *Attorney for the Plaintiff*

34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2012, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DOE DEFENDANT MOTIONS TO QUASH SUBPOENA, DISMISS, AND/OR SEVER [DOC. NOS. 44, 45, 46, 48, 50, 52, 54, 56, 57, 60, 61, 63, 64, 66, 67, 68, 69, 70, 71, 73] was filed using the Court's ECF, which will electronically deliver the document to the following:

Eric J Menhart
eric.menhart@cyberlaw.pro
*Attorney for Doe Defendants # 3703, 693, and 853*

/s/ Nick Kurtz
Nicholas A. Kurtz